**VECCHIARELLI, Plaintiff-Appellant, v. BUCHSIEB, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4415. Decided September 21, 1950.

R. W. Kilbourne, Columbus, for plaintiff-appellant.

Joseph & McClelland, Robert L. Ratchford, Jay C. Flowers, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

The first question presented by this appeal is whether an agreement by a landlord to make repairs on premises he has leased to a tenant is a retention of such control of the property as to make him liable in damages for a personal injury sustained by reason of a defect in the building. This question was only recently passed upon in the case of **Cooper v. Roose, 151 Oh St 317.** In the second syllabus it is said:

"The facts, that the lessor agrees to make repairs and does make repairs, do not alone justify a finding that he retained occupation or control of the premises." Citing, **Berkowitz v. Winston, 128 Oh St 611;** and **Ripple v. Mahoning National Bank, 143 Oh St 614.**

The appellant urges, however, that an obligation to make repairs is some evidence of retention of control by the landlord and the court erred in instructing the verdict for the defendant at the close of the plaintiff's case. Conceding for the sake of argument that he is correct in his premise it is not sufficient to warrant a finding that control of the premises has been retained by the landlord under the above cited cases. Therefore a prima facie case was not made since there was no other evidence offered on the subjct of control. The instruction of the court was proper.

The next question is whether the court erred in sustaining objection to the following question:

"Q. And you assumed the control and the actual repairing as to outside repairs, is that correct?"

We find no error in the court's ruling, for the following reasons: (1) It is a double-barreled question asking if the defendant assumed control of the premises and also asking if he assumed the obligation of making the outside repairs; (2) the question calls for a legal conclusion.

We find no error in the record and the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.